USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/25/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVAUGHN HOLMES,

          Plaintiff,

-against-

MICHAEL CAPRA, Superintendent of Sing Sing Correctional Facility; M. ROYCE, Deputy Superintendent of Security; DANA GAGE, M.D., Director of Medical Aervices; NURSES JOHN and JANE DOES 1-30,

          Defendants.

No. 17-CV-01313 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Devaughn Holmes commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights in connection with his incarceration at Sing Sing Correctional Facility ("Sing Sing"). (*See* Compl., ECF No. 1.) Specifically, Plaintiff alleges that various Sing Sing staff members violated his Eighth Amendment rights when they failed to protect him from attack by other inmates and failed to provide him with proper medical care following those attacks. (*Id.*)

    Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*See* Defs.' Mot. to Dismiss, ECF No. 28.) For the reasons that follow, Defendants' motion to dismiss the Complaint is GRANTED.

# BACKGROUND

## I. Factual Background[1]

Plaintiff was placed in protective "keeplock" custody during a portion of his incarceration at Sing Sing Correctional Facility. (Compl. ¶ 17.) Keeplocked inmates are generally confined to their cells, but are allowed one shower and one hour of recreation a day. (*Id.*) Even during these periods, however, keeplocked inmates are to be kept separate from the correctional facility's general population. (*Id.*)

On February 19, 2014, an unidentified Sing Sing Sergeant allowed Plaintiff out of his cell for his daily shower. (*Id.* ¶ 18.) As Plaintiff was coming out of the shower, another inmate suddenly approached him and began punching him in the face repeatedly. (*Id.*) Although Plaintiff suffered injuries from the punches, he was not provided with medical attention. (*Id.*)

Three days later, on February 22, 2014, Plaintiff, who was still housed in protective custody, was allowed out of his cell to retrieve his lunch tray. (*Id.* ¶ 19.) As Plaintiff was walking down the gallery, another inmate suddenly punched him and cut Plaintiff in the face and mouth with a razor-like object. (*Id.*) As a result, Plaintiff required several stitches on the outside and inside of his lip and chin and has suffered permanent facial scarring. (*Id.*)

---

[1] The following facts are primarily derived from the Complaint, and are assumed as true for the purposes of Defendants' motion to dismiss. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").

## II. Procedural Background

Plaintiff commenced the present action, while represented by counsel, on February 21, 2017. (*See* Compl.) Plaintiff's Complaint raises two Eighth Amendment[2] claims against various Sing Sing staff members, alleging that they displayed a deliberate indifference to his safety and serious medical needs during his incarceration. (*Id.*)

On June 26, 2017, Defendants submitted a letter to the Court requesting a pre-motion conference to address their anticipated motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.) Plaintiff, via counsel, opposed Defendants' request for a pre-motion conference in a response dated June 29, 2017. (ECF No. 15.) Following a conference with all parties on June 30, 2017, the Court granted Defendants leave to file a motion to dismiss and set a briefing schedule for the anticipated motion. (Minute Entry for June 30, 2017 Proceedings.)

Plaintiff's counsel subsequently requested an opportunity to amend the Complaint, which this Court grated on August 24, 2017. (ECF No. 19.) The Court granted Plaintiff until September 29, 2017 to amend the Complaint and extended the briefing schedule for Defendants' anticipated motion to dismiss. (*Id.*) Pursuant to the updated briefing schedule set by this Court, Defendants were to serve their moving papers on October 27, 2017, Plaintiff's opposition was due November 27, 2017, and Defendants' reply was to be served on December 12, 2017, with all papers to be filed on the date of the reply. (*Id.*)

---

[2] The Complaint also cites the Fourteenth Amendment but does not raise a discrete Fourteenth Amendment claim. Rather, Plaintiff's Eighth Amendment claims are asserted against Defendants—who are not federal actors—via the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101 (1976) (noting that the Eighth Amendment's protections against cruel and unusual punishment are made applicable to the States by the Fourteenth Amendment).

3

However, Plaintiff failed to amend his Complaint by the aforementioned date. Instead, Plaintiff's counsel filed an application to be relieved from further representing Plaintiff on October 20, 2017. (ECF No. 23.) Following the submission of a supporting affidavit under seal, the Court issued an order granting counsel's application on November 29, 2017. (Opinion and Order, ECF No. 26.) Additionally, the order directed Plaintiff to notify the Court by December 29, 2017 whether he retained substitute counsel or whether he intended to proceed *pro se*. (*Id.*) A few days later, outgoing counsel filed an affidavit attesting to having served Plaintiff with the Court's November 29, 2017 Order. (ECF No. 27.)

Defendants served their motion on the date set by the briefing schedule and, pursuant to the Court's instructions, electronically filed their motion to dismiss the Complaint on the Court's electronic filing system on December 6, 2018. (ECF No. 28.)

To date, Plaintiff has failed to oppose Defendants' motion or otherwise correspond with the Court in any way. Accordingly, the Court deems Defendants' motion to dismiss fully submitted. However, the Court will consider the arguments raised by Plaintiff's former counsel in the letter opposing Defendants' request for a pre-motion conference, to the extent relevant, in deciding the present motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In considering a 12(b)(6) motion, the

Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). Nor must the Court credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp., plc*. 706 F.3d 145, 152 (2d Cir. 2013).

Where, as here, a plaintiff proceeds *pro se*, the court must construe the Complaint liberally and interpret it to raise the strongest arguments that it suggests. *Askew v. Lindsey*, No. 15-CV-7496 (KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "'the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law.'" *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).[3]

---

[3] Although Plaintiff was initially represented by counsel in this action, given his failure to notify the Court whether he obtained substitute counsel, the Court will apply the more liberal standards for *pro se* litigants out of an abundance of caution.

5

## DISCUSSION

**I.     Personal Involvement of Defendants Capra, Royce, and Gage**

Defendants argue that Plaintiff's sparse allegations fail to adequately establish the personal involvement of Defendants Capra, Royce, and Gage in any of the alleged constitutional violations. (Defs.' Mem. of Law in Supp of Mot. to Dismiss ("Defs.' Mot.") at 5, ECF No. 29.) This Court agrees.

Although Plaintiff alleges that Defendants Capra, Royce, and Gage each enjoy a supervisory role at Sing Sing Correctional Facility, (Compl. ¶ 12), "a defendant in a §1983 action may not be held liable for damages for constitutional violations merely because [they] held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996); *see also Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (affirming the district court's dismissal of claims against a prison warden where plaintiff did not allege the warden's personal involvement in, or awareness of, the health, safety, and communications issues raised by plaintiff); *Walker v. Schriro*, No. 11-CV-9299 (JPO), 2013 WL 1234930, at *15 (S.D.N.Y. Mar. 26, 2013) ("A defendant's status as warden or commissioner of a prison, standing alone, is [ ] insufficient to support a finding of supervisory liability."). Rather, "a plaintiff must establish a given defendant's *personal involvement* in the claimed violation in order to hold that defendant liable in his individual capacity." *Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir.) (emphasis added) (internal quotation marks omitted), *cert. denied sub nom. Brooks v. Pataki*, 137 S. Ct. 380 (2016). As the Second Circuit has explained, the personal involvement of a supervisory defendant may be shown by evidence that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or

custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

Courts in this Circuit are "divided as to whether the five categories announced in *Colon* may still be used as the bases for liability under § 1983" following the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Allah v. Annucci*, No. 16-CV-1841 (KMK), 2017 WL 3972517, at *6 (S.D.N.Y. Sept. 07, 2017).[4] However, even assuming the continuing vitality of all of the *Colon* factors, Plaintiff has failed to allege the personal involvement of Defendants Capra, Royce, and Gage in any constitutional violaitons.

As to Defendants Capra and Royce—the Superintendent and the Deputy Superintendent of Security at Sing Sing Correctional Facility, respectively—Plaintiff does not include any factual allegations regarding their role in the alleged Eighth Amendment violations. Indeed, there are only two references to either Defendant in the entirety of Plaintiff's Complaint: in the case's caption and in Plaintiff's statement regarding their respective titles. (*See generally* Compl.) The

---

[4] In *Iqbal,* the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. In so holding, the Court explicitly rejected the argument that, "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution." *Id.* at 677.
 The Second Circuit has not squarely addressed how *Iqbal*, which "may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," affects the standards in *Colon* for establishing liability. *Allah,* 2017 WL 3972517, at *6 (internal quotation marks and citations omitted); *see also Reynolds v. Barrett*, 685 F.3d 193, 206 n.14 (2d Cir. 2012) ("*Iqbal* has, of course, engendered conflict within our Circuit about the continuing vitality of the supervisory liability test set forth in *Colon v. Coughlin*." (internal citation omitted)).

7

Complaint is otherwise utterly devoid of any mention of these Defendants or any explanation of how they displayed a deliberate indifference to Plaintiff's safety or medical needs.

For instance, Plaintiff does not allege that Defendants, themselves, released him from keeplock custody without ensuring that no other inmates were present. Nor does Plaintiff allege that he raised any safety concerns to Defendants directly, that Defendants established or continued an unconstitutional policy or custom, or that Defendants were somehow grossly negligent in supervising or training their subordinates. Without any such allegations, Plaintiff fails to adequately state the personal involvement of Defendants Gage and Royce in any constitutional violation. *See Calvin v. Schmitt*, No. 15-CV-6584 (NSR), 2017 WL 4280683, at *8 (S.D.N.Y. July 7, 2017) (dismissing claim against a defendant who was named in the caption but not otherwise mentioned in the complaint); *Mann v. Daniels*, No. 10-CV-7540 (PKC) (THK), 2011 WL 2421285, at *2 (S.D.N.Y. June 9, 2011) (dismissing Eighth Amendment deliberate indifference claim against defendants where "[n]either the body of the Complaint nor the attached grievances contain[ed] allegations indicating if or how [they] were involved in the alleged [c]onstitutional deprivation"); Dove v. Fordham Univ., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." (internal quotation marks and citations omitted)).

Accordingly, Plaintiff's claims against Gage and Royce are dismissed. However, to the extent that Plaintiff may, in good faith, plead additional facts establishing Gage and Royce's personal involvement in the alleged Eighth Amendment violations, he is granted leave to replead his claim. *See Barnes v. United States*, 204 F. App'x 918, 919 (2d Cir. 2006) (summ. order)

(noting that a pro se complaint "should not be dismissed without granting leave to replead at least once when [a liberal] reading gives any indication that a valid claim might be stated" (internal quotations omitted)).

Plaintiff's claims against Defendant Gage are dismissed for similar reasons. Like Defendants Royce and Capra, Defendant Gage is only mentioned in passing in the Complaint. Indeed, the only allegation against Defendant Gage is that following the alleged attacks, "medical staff at Sing Sing, under the direction of DANA GAGE, M.D., Director of Medical Services, failed to provide Plaintiff with adequate medical treatment." (Compl. ¶ 24.) Besides being entirely conclusory, this single allegation is also insufficient to establish Gage's personal involvement in any deliberate indifference claim. *See Harrison v. City of New York*, No. 15-CV-4141, 2017 WL 4162340, at *7 (S.D.N.Y. Sept. 19, 2017) (finding insufficient personal involvement where there were no allegations that the supervisory medical provider participated directly in any deprivation of medical care or failed to adequately train and supervise the individual medical providers); *Casiano v. Cty. of Nassau*, No. 16-CV-1194 (SJF) (ARL), 2017 WL 4484338, at *4 (E.D.N.Y. Sept. 30, 2017) (dismissing Eighth Amendment medical indifference claim where the plaintiff failed to allege that the defendant "had actual knowledge" of the inmate's specific medical condition or that the defendant "received and reviewed grievances" from the inmate"); *Reid v. Artus*, 984 F. Supp. 191, 195 (S.D.N.Y. 1997) (dismissing a prisoner's § 1983 claim against a supervisory official where the pleadings failed to establish "any factual basis upon which a fact finder could reasonably conclude personal involvement by the supervisory official defendant"). Accordingly, Plaintiff's claims against Defendant Gage—like those against Defendants Capra and Royce—are also dismissed, without prejudice to replead with additional factual support.

## II. Qualified Immunity

Defendants additionally contend that they are entitled to qualified immunity. "In general, public officials are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Weyant v. Okst*, 101 F.3d 845, 857 (2d Cir. 1996); *see also Hall v. New York*, 476 F. App'x 474, 477 (2d Cir. 2012) (summ. order).

"Typically, the defense of qualified immunity will 'rest on an evidentiary showing of what the defendant did and why.'" *Constant v. Annucci*, No. 16-CV-3985 (NSR), 2018 WL 1684411, at *4 (S.D.N.Y. Apr. 5, 2018) (quoting *Lamzot v. Phillips*, No. 04-CV-6719 (LAK), 2006 WL 686578, at *8 (S.D.N.Y. Mar. 16, 2006)). On a 12(b)(6) motion, however, defendants "must accept [a] more stringent standard." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). In such instances, the "facts supporting the defense [must] appear on the face of the complaint," and, "as with all Rule 12(b)(6) motions, the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitled to him relief." *Id.* (internal quotation marks and citations omitted). That is, a plaintiff "is entitled to all reasonable inferences from the facts alleged . . . that defeat the immunity defense." *Id.*

Because Plaintiff has not yet provided any specific factual allegations regarding the actions of Defendants Gage, Royce, and Capra, the Court finds that the qualified immunity analysis would be premature at this juncture. The Court will address the issue of qualified immunity if and when Plaintiff provides factual allegations detailing each Defendant's particular actions.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the claims against Gage, Capra, and Royce is GRANTED.

Plaintiff shall have until July 24, 2018 to amend his Complaint in accordance with this Court's decision. If Plaintiff elects to file an amended complaint, Defendant shall have until 21 days from the date of Plaintiff's filing to move or file responsive pleadings. The Court cautions Plaintiff, however, that any amended complaint will replace, not supplement, the current Complaint. That is, Plaintiff must include *all* claims he wishes to assert in his amended complaint.

The Court further cautions Plaintiff that given his previous failure to correspond with the Court or oppose Defendants' motion, a failure to amend his Complaint by the aforementioned date will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and failure to comply with a court order.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 28. Further, although Plaintiff has not updated his address with the Court, a review of the New York State Department of Corrections and Community Supervision online database revealed that Plaintiff is currently incarcerated at Green Haven Correctional Facility. Accordingly, the Clerk

of the Court is directed to mail a copy of this Opinion to Plaintiff at Devaughn Holmes, DIN 05B2079, Green Haven Correctional Facility, 594 Rt. 216, Stormville, New York 12582-0010 and file proof of such mailing on the docket.

Dated: June 25, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge